Caeuthees, J.,
delivered the' opinion of the court.
Dorathy Grey rented a tract of land to Blackburn for 1851, at two barrels of corn per acre for nineteen acres, to be delivered in the crib. Before the rent became due she married Matthew Williams. On the 4th of November, 1851, Williams and wife commenced an action of replevin for forty barrels of corn against their. said tenant in the circuit court of DeKalb. The sheriff Dearmon under said process, returns that he “'took the corn described in this writ, but before I could get it delivered to the plaintiffs, it was taken from me by the coroner of DeKalb.” On the 6th of November, 1851, after the corn had been seized on the former writ, the defendant in that action, the present plaintiff, Blackburn, instituted this action of replevin against the sheriff Dearmon, and the corn was retaken by the coroner. And now the question is, can this counter action of replevin he sustained? We think it *392 cannot, and that tbe law ought to have been so charged by his Honor the Circuit' Judge.
Replevin was originally in England only applied as a remedy in cas'es of distress for rent, and is so confined yet in Virginia, 1 Rob. Pr., 408, and Mississippi, 6 Howard, 279; but it has more recently been considered in England as applicable to all cases of. wrongful detention of chattels. 2 Starkie’s Rep., 288. 1 Chitty, Gen. Pr., 811; and such has been the extent given to this remedy by our act of 1846, ch. 65, as construed by this court in a case decided at last Term, and to be reported in 2 Swan.
But it is presumed that no case in any court has gone to the extent demanded in this case. It does not lie where goods are taken by process of law by the parties against whom the process issues, but only by a stranger to the process, whose goods are taken. 2 Greenleaf’s Ev., § 560. 3 Kent, 484 note. Even the right of a stranger is limited in New York to goods not in possession of the judgment debtor at the time they are taken. 9 Cowan, 259.
In the case béfore us, the goods were taken into the possession of the .sheriff by process of law, and this action of replevin instituted against him by the defendant in that process. If this could be allowed, then the sheriff could have brought replevin against him the next day. This mode of proceeding cannot be tolerated; it would be trifling with the process of the law, and render its remedial powers utterly nugatory, as well as intolerably oppressive.
But it is said that the sheriff, under the first writ of replevin, seized property that was not liable to be *393 taken according to law, viz: corn growing in tbe field; and further, that replevin would not lie for rent corn not delivered, as tbe' lessor bad no property in tbe corn until it was gathered and delivered to him, or until be bad obtained a judgment* on bis claim for rent and levied bis execution upon' it. Tbis may be all very trip, yet it would not authorize a counter replevin, but might be relied upon in defense of tbe other action, and if made out by tbe proof would be sufficient to defeat it. Tbe remedy of Blackburn would be fully available in defense; tbe action against him, and a new action of replevin by him for the same property, was entirely unnecessary and improper, and cannot be maintained. Tbe Judge should have so instructed tbe jury, and thus defeated tbe action, when tbe parties would have been left to litigate their rights on tbe first action of replevin of Williams and' wife against Blackburn.
Judgment reversed.